IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LEE ANTHONY JOHNSON, TDCJ #290961, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-19-0773 |
| LORIE DAVIS, Director, Texas Department of Criminal Justice - Correctional Institutions Division, | § § § § § | |
| Respondent. | § § | |

## MEMORANDUM OPINION AND ORDER

Lee Anthony Johnson (TDCJ #290961) has filed a Petition for a Writ of Habeas Corpus by a Person in State Custody ("Petition")(Docket Entry No. 1), challenging an adverse decision by officials with the Texas Board of Pardons and Paroles ("Parole Board"). He has also filed a Motion for Memorandum of Law in support of his claims ("Petitioner's Memorandum")(Docket Entry No. 11). Now pending is Respondent's Motion for Summary Judgment with Brief in Support ("Respondent's MSJ") (Docket Entry No. 18), arguing that the Petition is barred by the governing one-year statute of limitations and, alternatively, is without merit. In response, Johnson has filed an "Affidavit" in support of his request for release from confinement (Docket Entry No. 20). After considering all of the pleadings, the state court records, and the applicable law, the court will grant Respondent's MSJ and will dismiss this action for the reasons explained below.

## I. Background and Procedural History

Johnson is presently incarcerated by the Texas Department of Criminal Justice ("TDCJ") at the Stiles Unit in Beaumont, Texas,[1] as the result of a conviction entered against him for aggravated rape in 1979, in Harris County Cause No. 290246, which resulted in a life sentence.[2] See Johnson v. Dretke, Civil No. H-06-1137 (S.D. Tex. April 10, 2006) (Docket Entry No. 4, p. 2). Johnson does not challenge the validity of this conviction.

On February 21, 2019, Johnson executed the pending Petition, alleging that his parole was wrongfully revoked in "March/April 2017."[3] It is evident from his claims, however, that Johnson takes issue with an adverse decision regarding his eligibility for early release on parole, and not a revocation proceeding. Johnson contends that he is entitled to relief because he was denied parole without due process as follows:

1. The Parole Board discriminated against him by

---

[1] See Petition, Docket Entry No. 1, p. 1. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's electronic filing system, CM/ECF.

[2] See Judgment, Docket Entry No. 17-1, p. 32.

[3] See Petition, Docket Entry No. 1, p. 5. Although it was received by the Clerk's Office on March 1, 2019, Johnson's pro se submissions are subject to the prison mailbox rule. See Richards v. Thaler, 710 F.3d 573, 578-79 (5th Cir. 2013). Therefore, his Petition is considered to have been filed on the date he executed it and placed it in the prison mailbox on February 21, 2019. See Petition, Docket Entry No. 1, p. 10.

-2-

>            denying him release on parole

>    2.    He was improperly denied parole "in retaliation"
>          for reporting misconduct or mistreatment of inmates
>          by officers, which has also caused him to be
>          transferred to different prison facilities,
>          subjected to racial epithets, and assaulted on one
>          occasion by a female correctional officer in 2013.

>    3.    He was denied parole based on "false information"
>          in his file that also has been used to improperly
>          impose a five-year "set off" for his next review.

>    4.    He was denied parole without due process because
>          every member of the Parole Board does not attend
>          interviews with inmates or allow inmates to respond
>          to questions and does not afford counsel for
>          inmates with mental health issues.[4]

Noting that Johnson challenges an adverse decision by the Parole Board that was made in 2016, the respondent argues that the Petition must be dismissed as untimely and, in the alternative, without merit because Texas inmates do not have a right to parole.[5]

---

[4] See id. at 6-7; Petitioner's Memorandum, Docket Entry No. 11, pp. 1-3. Because Johnson is pro se, the court has accorded his pleadings a liberal construction. In that respect, courts construe pleadings filed by pro se litigants under a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 92 S. Ct. 594, 596 (1972) (per curiam); see also Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) ("A document filed pro se is 'to be liberally construed[.]'") (quoting Estelle v. Gamble, 97 S. Ct. 285, 292 (1976)).

[5] See Respondent's MSJ, Docket Entry No. 18, pp. 6-11, 18-22. The respondent also invokes the doctrine of procedural default, noting that Johnson did not exhaust state court remedies with respect to several of his claims. See id. at 11-14. Because the Petition is untimely and without merit, the court need not reach this argument, but reserves the right to revisit whether the procedural default applies, if necessary, at a later time.

## II. Discussion

**A. The One-Year Statute of Limitations**

According to the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), all federal habeas corpus petitions filed after April 24, 1996, are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which runs from the latest of --

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Because the pending Petition was filed well after April 24, 1996, the one-year limitations period clearly applies. See Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)).

The record reflects that Johnson received notice that he was

denied parole on January 4, 2016.[6] The statute of limitations began to run on that date, expiring one year later on January 4, 2017, pursuant to § 2244(d)(1)(D). See Goodwin v. Dretke, 150 F. App'x 295, 298 (5th Cir. 2005) (per curiam) (observing that "[§ 2244(d)(1)(D)] governs the timeliness vel non of the filing of claims predicated on parole decisions"). The federal Petition that was filed by Johnson on February 21, 2019, is late by more than two years and is therefore barred by the statute of limitations unless a statutory or equitable exception applies.

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed application for State post-conviction or other collateral review" is pending shall not count toward the limitations period on federal habeas review. The record reflects that Johnson executed a state post-conviction habeas corpus application under Article 11.07 of the Texas Code of Criminal Procedure on March 1, 2017,[7] which the Texas Court of Criminal Appeals denied on August 22, 2018.[8] Because this application was not filed until after the federal habeas statute of limitations had already expired on January 4, 2017, this proceeding does not toll the limitations period under § 2244(d)(2). See Scott v. Johnson,

---

[6]Notice of Parole Panel Decision, Docket Entry No. 17-20, p. 7.

[7]See Application for a Writ of Habeas Corpus Seeking Relief From Final Felony Conviction Under Code of Criminal Procedure, Article 11.07 ("State Habeas Application"), Docket Entry No. 17-19, p. 22.

[8]Action Taken on Writ No. 17,452-11, Docket Entry No. 17-17, p. 1.

227 F.3d 260, 263 (5th Cir. 2000).

Johnson does not demonstrate that he is entitled to tolling for any other statutory or equitable reason. Although Johnson represents himself, it is settled that a prisoner's <u>pro se</u> status, incarceration, and ignorance of the law do not excuse his failure to file a timely petition and are not grounds for tolling. <u>See</u> <u>Felder v. Johnson,</u> 204 F.3d 168, 171-72 (5th Cir. 2000); <u>Fisher v. Johnson,</u> 174 F.3d 710, 714 (5th Cir. 1999). Because Johnson fails to establish that any exception to the AEDPA statute of limitations applies, the Respondent's MSJ will be granted, and the Petition will be dismissed as untimely under 28 U.S.C. § 2244(d)(1).

**B. Alternatively, the Petitioner Is Not Entitled to Relief**

The respondent argues in the alternative that Johnson's Petition must be dismissed for failure to state a claim.[9] The respondent notes that the Parole Board denied Johnson release on parole because he had "repeatedly committed criminal episodes" that indicated "a predisposition to commit criminal acts when released" and that his record also showed that he had committed "one or more violent criminal acts indicating a conscious disregard for the lives, safety, or property of others[.]"[10] In conducting its review of this decision, the state habeas corpus court found that in

---

[9]Respondent's MSJ, Docket Entry No. 18, pp. 14-18.

[10]Notice of Parole Panel Decision, Docket Entry No. 17-20, p. 7.

addition to Johnson's conviction for aggravated rape, which was enhanced for purposes of punishment with two prior felony convictions, he was also serving two concurrent sentences from Anderson County for aggravated assault of a correctional officer in 1994.[11] The state habeas corpus court denied Johnson's request for relief primarily because Texas prisoners have "no constitutionally protected liberty interest in being granted parole, rather parole is a privilege, not a right."[12] The state habeas corpus court found, nevertheless, that he was provided the necessary due process during the challenged parole review proceeding and that his next parole review was not improperly set off.[13]

Johnson makes no effort to show that the state court's conclusions were contrary to or based on an unreasonable application of clearly established Supreme Court precedent for purposes of the AEDPA legal standard that governs federal habeas review. See 28 U.S.C. § 2254(d). As the state court correctly concluded, Johnson cannot show that he was denied parole in a manner that violates the United States Constitution, because "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a

---

[11] See State's Proposed Findings of Fact, Conclusions of Law, and Order, Docket Entry No. 17-20, p. 27 (citing Affidavit of Angela Nation, Docket Entry No. 17-19, pp. 45-49)).

[12] See id. at 29 (citing Ex parte Geiken, 28 S.W.3d 553, 556 (Tex. Crim. App. 2000); 37 Tex. Admin. Code § 145.3).

[13] See id. at 29-30 (citations omitted).

valid sentence." Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 99 S. Ct. 2100, 2104 (1979); see also Bd. of Pardons v. Allen, 107 S. Ct. 2415, 2421 n. 10 (1987) (noting that the Texas parole statute lacks mandatory language that would give rise to a constitutionally protected interest). Likewise, the Fifth Circuit has repeatedly held that Texas inmates do not have a constitutional right to early release on parole. See Allison v. Kyle, 66 F.3d 71, 74 (5th Cir. 1995); Orellana v. Kyle, 65 F.3d 29, 31-32 (5th Cir. 1995); Gilbertson v. Texas Bd. of Pardons and Paroles, 993 F.2d 74 75 (5th Cir. 1993); see also Williams v. Briscoe, 641 F.2d 274, 276-77 (5th Cir. Unit A 1981) (holding that the Texas parole statute does not create a constitutionally protected expectancy of release). As a result, a Texas prisoner cannot challenge parole review procedures on procedural or substantive due process grounds. See Johnson v. Rodriguez, 110 F.3d 299, 308 (5th Cir. 1997); see also Allison, 66 F.3d at 73-74; Rutledge v. Thaler, 344 F. App'x 924, 926 (5th Cir. 2009).

Johnson does not present specific facts in support of his claim that he was denied parole for discriminatory or retaliatory reasons, rather than his criminal record of violent offenses. Johnson's conclusory allegations are not otherwise sufficient to establish a constitutional violation or to articulate a viable claim for habeas corpus relief. See Ross v. Estelle, 694 F.2d 1008, 1012 (5th Cir. 1983) (citing Schlang v. Heard, 691 F.2d 796,

798 (5th Cir. 1982) (collecting cases)). For this additional reason, the court will grant the Respondent's MSJ and dismiss this action for failure to state a viable claim upon which federal habeas corpus relief may be granted.

### III. <u>Certificate of Appealability</u>

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" <u>Tennard v. Dretke</u>, 124 S. Ct. 2562, 2569 (2004) (quoting <u>Slack v. McDaniel</u>, 120 S. Ct. 1595, 1604 (2000)). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." <u>Slack</u>, 120 S. Ct. at 1604. Because this court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner states a valid claim, a certificate of appealability will not issue.

## IV. Conclusion and Order

Accordingly, the court **ORDERS** as follows:

1. Respondent Davis's Motion for Summary Judgment (Docket Entry No. 18) is **GRANTED.**

2. The Petition for a Writ of Habeas Corpus By a Person in State Custody filed by Lee Anthony Johnson (Docket Entry No. 1) is **DISMISSED WITH PREJUDICE.**

3. A certificate of appealability is **DENIED.**

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this 27th day of Dec., 2019.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE